**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1883
_____

In re: WITCHEY ENTERPRISES, INC.,
Debtor


ANDREW J. KATSOCK, III,
Appellant
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No. 3:22-cv-00612)

District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 30, 2024
_____

Before: KRAUSE, CHUNG, RENDELL, *Circuit Judges*.

(Filed: June 4, 2024)

_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge.*

Appellant Andrew J. Katsock, III, simultaneously represented a small business debtor in a bankruptcy proceeding and its principal, who was also a creditor. He then falsely represented to the Bankruptcy Court when he sought his attorney's fees that he had no conflicts of interest. On these facts, he asks us to reverse the order from the District Court affirming the Bankruptcy Court's denial of his Fee Application and related Holdback Motion. The Bankruptcy Court did not abuse its discretion when it denied Katsock's Fee Application based on a proper finding of an undisclosed conflict of interest, nor when it denied his Holdback Motion as moot based on a proper finding that the disputed funds were held back until the Fee Application was decided.  Thus, we will affirm the District Court's order.

I

A

In February 2019, Witchey Enterprises, Inc. (Witchey Enterprises or Debtor) filed a voluntary Chapter 11 bankruptcy petition as a small business debtor under 11 U.S.C. § 101(51D). Louis Witchey was the President of the corporation and its sole shareholder. Witchey is listed on Witchey Enterprises' bankruptcy schedules as a co-obligor on an undisclosed number of its debts. Katsock filed the Chapter 11 bankruptcy petition on behalf of Witchey Enterprises, along with the required compensation disclosure. However, he did not at that time file the required application to be employed to represent the Debtor.

When the Bankruptcy Court entered an order directing that all the Debtor's administrative expenses under § 503 be filed, Katsock sought approval *nunc pro tunc* for

2

his employment as counsel under § 327 to apply retroactively to the petition date, and for $37,221.35 in compensation for services provided since that time. In his application, he affirmed that he "do[es] not have any connection with the Debtor or currently represent[] any of [its] creditors [or] other parties-in-interest . . . with respect to the matters upon which he is to be engaged" and "does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, hold or represent any interest adverse to the Debtor, its estate, or any class of creditors or equity interest holders." United States Trustee Supplemental Appendix (Supp. Appx.) 49.

The Bankruptcy Court authorized the Debtor to employ Katsock, but only as of the date of the Court's order, not retroactively. Katsock then filed a fee application seeking $13.637.70 for services rendered (Fee Application). In his Fee Application, Katsock again affirmed that he "does not hold or represent an interest adverse to the estate," "is a disinterested person," "is not employed by and does not represent a creditor in this case," and has no "connections with the debtor, creditors, and any other parties in interest[.]" Appx. 56A-58A, ¶¶ 7, 8, 11.

Eventually, due to a lack of progress in the case, the Bankruptcy Court ordered the appointment of a Chapter 11 Trustee and deferred ruling on Katsock's Fee Application. The appointed Chapter 11 Trustee in turn requested that Katsock turn over all estate funds he held in escrow. In response, Katsock filed the Holdback Motion, requesting the court permit him to hold back his $13,637.70 requested fee until the court ruled on the Fee Application. The Bankruptcy Court granted this request and issued an order for Katsock to turn over all estate funds held in escrow, except the amount at issue in the Fee Application.

3

At the Bankruptcy Court's hearing on Katsock's motions, Katsock confirmed that he had rendered services to Witchey personally on state court matters before and during the Debtor's bankruptcy case. The Chapter 11 Trustee objected to the Fee Application on the basis that while the Debtor's bankruptcy case was ongoing, Katsock had performed legal services for Witchey and his daughter and failed to disclose this representation. Further, the United States Trustee argued that the Debtor's operating report revealed that Witchey had made unauthorized loans to, and received unauthorized loan repayment from, the Debtor during the bankruptcy case.

The Bankruptcy Court agreed with the Chapter 11 and United States Trustees, and in turn denied the Fee Application on the basis that Katsock had not disclosed his representation of Witchey. It explained that this representation created two classic conflicts of interest: the representation of the Debtor and its principal and the representation of the Debtor and its creditor. The Court determined that denial of all fees was the appropriate remedy, even if the failure to disclose was inadvertent. After denying the Fee Application, the Bankruptcy Court held that the Holdback Motion was moot and denied it as well.

C

Katsock timely appealed the Bankruptcy Court's orders. The District Court affirmed, holding that the Bankruptcy Court did not clearly err in finding that Katsock's concurrent representation of the Debtor and Witchey created two conflicts of interest and that both findings were supported by case law. *Katsock v. Martin*, No. 3:22-612, 2023 WL 3010175, at *5 (M.D. Pa. Apr. 19, 2023). It explained that "the attorney's

representation of the principal means he 'represents an interest adverse to the estate.'" *Id.* (quoting 11 U.S.C. § 372(a).)

Because the District Court agreed that Katsock's concurrent representation of Witchey and the Debtor was a conflict of interest, it found that the Bankruptcy Court did not abuse its discretion to deny his compensation under § 328(c). *Id.* at *7. The District Court cautioned that, "[a]bsent the spontaneous, timely[,] and complete disclosure required . . . court-appointed counsel proceed at their own risk." *Id.* (quoting *Rome v. Braunstein*, 19 F.3d 54, 59 (1st Cir. 1994). It also noted that "his failure to disclose his relationship to Mr. Witchey, a party in interest, was an independent ground for the Bankruptcy Court's denial of his fees." *Id.*

Regarding the Holdback Motion, the District Court agreed that it was moot after the Bankruptcy Court "act[ed] upon Katsock's fee application." *Id.* at *8. The District Court aptly noted that "Katsock practically received the relief he requested in the motion: he was able to retain the $13,637.70 he thought he was entitled to in fees 'until such time as the Court act[ed] upon Katsock's fee application.'" *Id.*

Katsock timely appealed.

II[1]

Because the District Court acted as a reviewing court, we review both its factual and legal determinations. *In re Congoleum Corp.*, 426 F.3d 675, 685 (3d Cir. 2005).

---

[1] The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157(a) and (b)(1). The Bankruptcy Court's orders denying the Fee Application and Holdback Motion were final orders. The District Court had jurisdiction over the appeal under 28 U.S.C. § 158(a)(1) and 1334(a), (b). We also have jurisdiction over this appeal under § 158(d)(1).

5

"[T]o determine whether the District Court erred, we review the bankruptcy court's findings by the standards the District Court should have employed." *Id.*

"[T]he Bankruptcy Court's decisions regarding the awarding of fees are reviewed for abuse of discretion." *Ferrara & Hantman v. Alvarez* (*In re Engel*), 124 F.3d 567, 571 (3d Cir. 1997). A court abuses its discretion when it "bases its opinion on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *Prosser v. Gerber (In re Prosser)*, 777 F.3d 154, 161 (3d Cir. 2015) (quotations omitted) (quoting *LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 288 (3d Cir. 2002)). A factual finding is clearly erroneous only when it "either is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Fellheimer, Eichen, & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995) (quoting *Hoots v. Pennsylvania*, 703 F.2d 722, 725 (3d Cir. 1983)). Under this deferential standard of review, the Bankruptcy Court's decision is only reversed when it "is arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the . . . court's view." *In re VistaCare Grp., LLC*, 678 F.3d 218, 232 (3d. Cir. 2012) (quoting *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010)).

III

Katsock urges that the Bankruptcy Court abused its discretion when it denied his Fee Application by erroneously concluding that his concurrent representation of Witchey and the Debtor was a conflict of interest that he was required to disclose but did not. He makes the unrelated argument that the denial of his Fee Application was an abuse of

6

discretion because he did significant legal work for the debtor and thus deserves compensation.[2] Neither argument has persuasive merit.

Under 11 U.S.C. § 328(c), compensation to a debtor in possession's attorney employed under § 327(a) may be denied "if, at any time during such [attorney's] employment . . . such [attorney] is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such [attorney] is employed." It is ultimately within the Bankruptcy Court's discretion to determine whether such a conflict of interest exists. *See In re BH&P, Inc.*, 949 F.2d 1300, 1316-17 (3d Cir. 1991); *see also In re Pillowtex, Inc.*, 304 F.3d 246, 254 (3d Cir. 2002) (noting the bankruptcy court's "considerable discretion" in identifying conflicts). The Bankruptcy Court has discretion to deny compensation for even a potential conflict of interest. *In re Boy Scouts of Am.*, 35 F.4th 149, 158 (3d Cir. 2022) ("[D]isqualification is at the court's discretion for attorneys with potential conflicts."). Thus, we must affirm if the Bankruptcy Court's findings regarding the conflicts of interest here are supported by the record.

The Bankruptcy Court's finding that Katsock concurrently represented Witchey and the Debtor is supported by the record. Katsock does not dispute that he concurrently represented the Debtor and Witchey, its sole shareholder. Simultaneous representation of a debtor and its principal can be a conflict of interest. *Fellheimer*, 57 F.3d at 1229

---

[2] He discusses this work in detail and urges that he is professionally qualified for and licensed for such employment. This argument misses the mark. There is no dispute over whether Katsock did the work: the issue is that he failed to disclose two potential conflicts of interest.

(finding that when the attorney undertakes representation of an individual shareholder, the attorney becomes hostile to the debtor corporation and its creditors). Neither does Katsock dispute that Witchey was a personal guarantor of certain debts of the Debtor and loaned money to the Debtor post-petition. This made him a creditor of the Debtor. *See* 11 U.S.C. § 101, Historical and Revision Notes, Legislative Statement to Senate Report No. 95-989 ("A guarantor of or surety for a claim against the debtor is also a creditor, because he holds a contingent claim against the debtor that becomes fixed when he pays the creditor whose claim he has guaranteed or insured."). We agree with the District Court that "simultaneous representations of a debtor and one of its creditors constitutes at least a potential conflict of interest [in] hornbook bankruptcy law." *Katsock v. Martin*, 2023 WL 3010175, at *5. Because the record clearly supports the Bankruptcy Court's findings that Katsock concurrently represented the Debtor and Witchey, it was within the Bankruptcy Court's discretion to deny Katsock's Fee Application.[3] 11 U.S.C. § 328(c).

---

[3] In addition, Katsock failed to disclose that he represented Witchey, who was a party in interest for the purpose of Bankruptcy Rule 2014(a), despite multiple opportunities to do so. *See* 11 U.S.C. § 1109(b) (including "an equity security holder" and "creditor" in its non-exhaustive definition of "party in interest"). We agree with the District Court that this failure to disclose a potential conflict itself provided an independent ground here for denying Katsock attorney's fees. *Cf. In re BH & P*, 949 F.2d at 1317-18 (holding that breach of the duty to disclose conflicts and possible conflicts was proper grounds for disqualification); *see also In re Dordevic*, 62 F.4th 340, 342-43 (7th Cir. 2023) (affirming order directing the return of all fees for failure to comply with disclosure obligation); *Jacques H. Geisenberger, Jr., P.C. v. DeAngelis*, No. 10-01660, 2011 WL 4458779, at *6 (M.D. Pa. Sept. 23, 2011) (holding denial of all fees is appropriate sanction for disclosure violations, even if disclosure would demonstrate attorney was disinterested). Because the Bankruptcy Court properly found that Katsock failed to disclose his representation of Witchey, it was within its discretion to deny his Fee Application on that basis as well.

Despite the undisputed record, Katsock nevertheless insists that the Bankruptcy Court abused its discretion when it found that he had a conflict of interest without an evidentiary hearing. However, Bankruptcy Rule 9014(d) makes clear that "[t]estimony of witnesses" is only required "with respect to disputed material factual issues." Fed. R. Bankr. P. 9014(d). Katsock has conceded that he represented the Debtor and Witchey concurrently. It is also undisputed that Witchey was a personal guarantor of certain debts of the Debtor. Either of these undisputed facts are sufficient for the Bankruptcy Court to properly have found a conflict of interest, or a potential conflict of interest, without an evidentiary hearing. And Katsock identifies no outstanding factual disputes that an evidentiary hearing would resolve. As such, the Bankruptcy Court was within its discretion to deny Katsock's Fee Application without an evidentiary hearing.

IV

Because he insists it was an abuse of discretion to deny his Fee Application, Katsock also urges it was an abuse of discretion to find his Holdback Motion moot since he was permitted to keep the disputed funds in escrow until his Fee Application was decided.[4] He maintains that this abuse of discretion stems from a clearly erroneous finding that he retained the disputed fees while his Fee Application was pending.

---

[4] Katsock also insists that he has a retaining or charging lien under Pennsylvania law and that he has standing to appeal the Holdback Motion under *In re Boy Scouts of Am.*, 35 F.4th 149 (3d Cir. 2022). These arguments are irrelevant. At the outset, we do not disagree that he has standing to bring this appeal. And regarding any charging lien, as soon as the Bankruptcy Court denied his Fee Application, he no longer had a lien on any assets of the estate.

It is clear from the factual record that Katsock was allowed to retain the disputed $13,637.70 while his Fee Application was pending. The Bankruptcy Judge ordered that Katsock turn over $82,055.95, but specifically allowed him to retain the disputed $13,637.70 in the escrow account pending a decision on his Fee Application:

> Andrew J. Katsock, Esquire, make available . . . an amount equal to all bankruptcy estate funds deposited into his IOLTA account, *less the amount of $13,637.70 which shall remain in Attorney Katsock's IOLTA account pending further order of [the] court.*

Supp. Appx. 55. (emphasis added). Therefore, the Bankruptcy Court did not abuse its discretion when it ruled that his Holdback Motion was moot, as its decision was based on a proper finding of fact.

Moreover, the District Court made the correct and very practical observation that Katsock received exactly what he asked for in the Holdback Motion: He was allowed to keep the requested fee amount in his IOLTA account until the court ruled on the Fee Application. For these reasons, we affirm the denial of the Holdback Motion.

V

In light of the above, we will affirm the District Court's order.

10